**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **ADRIAN CABRERA, ELIGIO SANTIAGO and LUSWING HERNAN MALDONADO, Individually and on Behalf of All Others Similarly Situated,**<br><br>    **Plaintiffs,**<br><br>-against-<br><br>**MACA RESTAURANT, CORP. d/b/a FIRENZE RISTORANTE, EMDC 2ND AVE CORP. d/b/a FIRENZE RISTORANTE, and MANUEL CAISAGUANO, Jointly and Severally,**<br><br>    **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Adrian Cabrera, Eligio Santiago, and Luswing Hernan Maldonado (together, the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

1.      Plaintiffs are former bussers, runners, porters, food preps, line cooks, and delivery employees at Defendants' Italian restaurant located in the Yorkville neighborhood of Manhattan. For their work, Plaintiffs were paid either by "shift" or a purported salary for all hours worked, regardless the number of hours they work in a given work week, which did not compensate them at minimum wage for all hours worked.  Additionally, for their work, despite the fact that Plaintiffs were required to work well in excess of forty (40) hours per week, Plaintiffs did not receive any overtime premiums for hours worked over forty (40).

2.      Plaintiffs also did not receive spread-of-hours premiums when they worked shifts of ten (10) or more hours per day, and did not receive proper wage notices and wage statements.

3.      Plaintiffs bring this action to recover unpaid minimum wage and overtime premiums owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

5.      Plaintiffs bring their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees who worked for Defendants in New York at any time during the six (6) years prior to the commencement of this action.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9.      Plaintiff Adrian Cabrera ("Cabrera") was, at all relevant times, an adult individual residing in Bronx County, New York.

10.      Plaintiff Eligio Santiago ("Santiago") was, at all relevant times, an adult individual residing in Bronx County, New York.

11.      Plaintiff Luswing Hernan Maldonado ("Maldonado") was, at all relevant times, an adult individual residing in New York County, New York.

12.      During the relevant time period, Plaintiffs performed work for Defendants in their Italian Restaurant located previously at 1594 Second Avenue, New York, NY 10028 and currently at 1555 Second Avenue, New York, NY 10028.

13.      Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**<u>Defendants</u>:**

14.     MACA Restaurant Corp. ("MACA") is an active New York Corporation doing business as "Firenze Ristorante" with its principal place of business at 1555 Second Avenue, New York, NY 10028 and DOS process address at 62-12 Woodhaven Blvd., Rego Park New York 11374.

15.     EMDC 2ND AVE CORP. ("EMDC" and together with MACA, the "Corporate Defendants" or "Firenze") is an active New York Corporation doing business as "Firenze Ristorante" with its principal place of business at 1555 Second Avenue, New York, NY 10028.

16.     Upon information and belief, Defendant Manuel Caisaguano ("Caisaguano" or the "Individual Defendant" and, collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

17.     The Individual Defendant participated in the day-to-day operations of the Corporate Defendants and acted intentionally in its direction and control of Plaintiffs and the Corporate Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

18.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

19.     At all relevant times, Plaintiffs and the Class Members were employed by

Defendants within the meaning of the NYLL, §§ 2 and 651.

20.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00

21.     At all relevant times, the Corporate Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since January 17, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

23.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay not less than minimum wages for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wage for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

24.     Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

25.     Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since January 17, 2012 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

26.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

27.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are approximately forty (40) Class Members.

28.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

    a.    whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c.    whether Defendants failed and/or refused to pay Plaintiffs and the Class Members their legally required minimum wage for all hours worked each week;

    d.    whether Defendants failed and/or refused to provide Plaintiffs and the Class Members proper notice of their intention to rely on the "tip-credit" to pay less

than the full minimum wage;

e.   whether Defendants failed and/or refused to pay Plaintiffs and the Class
     Members overtime premiums for hours worked in excess of forty (40) hours in
     a given workweek;

f.   whether Defendants failed to pay Plaintiffs and the Class Members an extra
     hour of minimum wage when working shifts in excess of ten (10) hours or split
     shifts;

g.   whether Defendants failed to provide Plaintiffs and the Class Members with a
     proper statement of wages with every wage payment as required by the NYLL;

h.   whether Defendants failed to provide proper wage notices to Plaintiffs and
     Class Members at the beginning of their employment and/or on February 1 of
     each year as required by the NYLL;

i.   whether Defendants' failure to properly pay Plaintiffs and the Class Members
     lacked a good faith basis; and

j.   whether Defendants are liable for all damages claimed hereunder, including but
     not limited to compensatory damages, liquidated damages, interest, costs and
     disbursements and attorneys' fees.

29.   Plaintiffs' claims are typical of the Class Members' claims. Plaintiffs, like all Class
Members, are restaurant employees of Defendants who worked for Defendants pursuant to their
corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, not paid their legally
required minimum wage for all hours worked on given workweek, not paid overtime premium pay
for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours
premiums when working a shift of ten (10) or more hours and/or a split shift, and did not receive

proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

30. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

31. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

32. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

33. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

34. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy, other than an action titled *Cabrera v. Maca Restaurant, Corp.*, et al., No. 17-cv-02555 (WHP) (S.D.N.Y.), which has been resolved and closed; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Restaurant**

35.     At all relevant times, Defendants have been in the food service business.

36.     Upon information and belief, the Individual Defendant has owned, operated, and managed Firenze Ristorante since it opened in its prior location in or around 1981 through the present in its current location at 1555 Second Avenue, New York, New York 10028.

37.     On February 8, 2017, Firenze was forced to close its original location at 1594 Second Avenue, New York, NY 10028, where they had been in operation since 1981.  Upon information and belief, the Defendants opened Firenze in their current location at 1555 Second Avenue, New York, NY 10028, approximately 1 block from the original location, in or around April 2017.

38.     Many of the same employees who worked for Defendants in the original location were transferred to work at the new location when it opened approximately two (2) months after the fire forced the restaurant to close.

39.     Upon information and belief, Defendants employ at least approximately fifteen (15) individuals at Firenze at any one time.

40.     The Individual Defendant is a constant presence at Firenze where he takes an active role in ensuring that the restaurant is run in accordance with his procedures and policies. To that end, the Individual Defendant in charge of hiring and firing, setting wage rates, and otherwise running the day-to-day operations of the restaurant.

**Plaintiffs' Work for Defendants**

41.     **Plaintiff Adrian Cabrera** worked for Defendants as a busser and runner from in or around February 2016 to in or around August 2017 (the "Cabrera Employment Period").

42.     From in or around February 2016 to in or around July 2016, Plaintiff Cabrera generally worked three (3) days per week.  Plaintiff left the restaurant for a short period of approximately one (1) month between August and September 2016, and returned to work for Defendants in or around October 2016.  During the month of October 2016, Plaintiff Cabrera typically worked two (2) days per week.  From in or around November 2016 to the end of the Cabrera Employment Period, Plaintiff Cabrera generally worked six (6) days per week, with most Tuesdays off.

43.     During the period that Firenze Ristorante was closed due to a fire on its original location, from on or about February 8, 2017 (date of the fire) to in or around April 2017 (when restaurant reopened), Plaintiff Cabrera worked for a period of approximately two (2) weeks helping to clean the old restaurant location, and salvaging documents and other goods that could be used by Defendants when they opened the new location.  Plaintiff Cabrera worked those weeks without receiving any kind of pay from Defendants.

44.     During the time Plaintiff Cabrera worked on a "part time" basis of two (2) or three (3) days per week, Plaintiff Cabrera typically worked from approximately 3:00 pm to approximately 12:30 am each day, for a total of approximately nineteen (19) to twenty-eight and one-half (28.5) hours per week.

45.     During the time period Plaintiff Cabrera worked full time, six (6) days per week, Plaintiff Cabrera typically worked with the following schedule:  Mondays, Wednesdays, and Thursdays from approximately 3:00 pm to approximately 11:30 pm or longer until he finished

10

with certain cleaning tasks; Fridays and Saturdays, from approximately 11:30 am to approximately 10:30 pm; and on Sundays from approximately 11:30 am to between approximately 10:00 pm and 10:30 pm, for a total of approximately sixty (60) to sixty-one (61) hours per week.  During the six (6) weeks following the reopening of Firenze after the fire, in or around April 2017, Plaintiff Cabrera worked seven (7) days per week, for a total of approximately sixty-six and one-half (66.5) to sixty-seven (67) hours per week.

46.    Throughout his employment, Plaintiff Cabrera was paid twenty dollars ($20.00) per "shift", plus gratuities.  The definition of a "shift" consisted of the complete day he worked at the restaurant, regardless of the actual number of hours we worked on any specific day.  Plaintiff Cabrera was paid with a corporate check without a pay stub or a wage statement that provided details of the hours worked during the week or his hourly pay rate(s).

47.    **Plaintiff Eligio Santiago** worked for Defendants as a busser, food runner, porter and delivery employee, from in or around September 2012 to in or around March 2014 (the "Santiago Employment Period").

48.    Throughout his entire employment period, Plaintiff Santiago generally worked six (6) days per week, with most Wednesdays off.  Plaintiff Santiago worked with the following schedule: Mondays, Tuesdays, Thursdays and Fridays, Plaintiff Santiago typically worked from approximately 4:00 pm to between approximately 12:00 am and 1:00 am; on Saturdays, Plaintiff Santiago generally worked from approximately 11:30 am to approximately 12:30 am, thirteen (13) hour shifts; on Sundays, Plaintiff Santiago generally worked from approximately 11:30 am to approximately 11:30 pm, twelve (12) hours shifts, for a total of approximately fifty-seven (57) to sixty-one (61) hours per week.

49.    Throughout the Santiago Employment Period, for his work, Plaintiff Santiago was

11

paid twenty dollars ($20.00) per "shift", plus gratuities.  The definition of a "shift" consisted of the complete day he worked at the restaurant, regardless the actual number of hours we worked on any specific day.  Plaintiff Santiago was paid with a corporate check without a pay stub or a wage statement that provided details of the hours worked during the week or his hourly pay rate.

50.    **Plaintiff Luswing Hernan Maldonado** worked for Defendants as a food prep and line cook from in or around 2012 to in or around February 2017 (the "Maldonado Employment Period").

51.    Throughout his entire employment period, Plaintiff Maldonado generally worked six (6) days per week, with most Thursdays off.  Plaintiff Maldonado worked with the following schedule: Mondays, Tuesdays, and Wednesdays, Plaintiff usually worked from between approximately 2:30 pm and 3:00 pm to approximately 11:30 pm; Fridays and Saturdays, Plaintiff Maldonado generally worked from between approximately 2:30 pm and 3:00 pm to approximately 12:30 am; on Sundays, Plaintiff Maldonado generally worked from approximately 11:30 am to approximately 11:30 pm, for a total of approximately fifty-nine (59) to sixty-one and one-half (61.5) hours per week.

52.    Throughout the Maldonado Employment Period, for his work, Plaintiff Maldonado was paid a purported "salary" regardless the actual number of hours he worked in a given workweek.  From in or around 2012, when he started his employment with Defendants, Plaintiff Maldonado was paid four hundred fifty-dollars ($450.00) per week.  After a couple of weeks, Plaintiff Maldonado's pay increased to five hundred dollars ($500.00) per week.  In or around 2014, Plaintiff Maldonado's pay increased again to five hundred and forty dollars ($540.00) per week, which is the pay Maldonado received until the end of his employment with Defendants.

53.    During the first portion of the Maldonado Employment Period, from in or around

2012 to in or around the end of 2015, Plaintiff Maldonado received his wages entirely in cash. From in or around 2016 to the end of the Maldonado Employment Period, Plaintiff Maldonado received his wages through a corporate check without a pay stub or a wage statement that provided details of the hours worked during the week or his hourly pay rate.

**Defendants' Unlawful Corporate Policies**

54.     Plaintiffs and the Collective and Class Members were paid by the same corporate policies of Defendants, including failing to pay minimum wage, overtime premiums, spread-of-hours premiums and failing to provide proper wage statements and wage notices.

55.     Defendants did not provide Plaintiffs or the Collective and Class Action Members with proper wage notices at the time of hire or by February 1 of each year.

56.     Despite the fact that Plaintiffs and the Collective and Class Members typically worked over forty (40) hours each week, Defendants did not pay overtime premiums of one and one-half (1.5) times their regular rate.

57.     Despite the fact that Plaintiffs and the Collective and Class Members routinely worked shifts in excess of ten (10) hours and/or split shifts in a single day, Defendants failed to pay spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when Plaintiffs and the Collective and Class Members worked in excess of ten (10) hours per day.

58.     Throughout the Collective and Class Periods, Defendants failed to implement a formal timekeeping system to accurately record the hours worked by Plaintiffs and the Collective and Class Members.  Instead, Plaintiffs and the Collective and Class Members were paid fixed amounts per "shift" or per week, depending on their position, regardless of the number of hours worked in each shift or during the week.

59.     Although certain Plaintiffs and Collective and Class Members were paid by "shift,"

Defendants would pay the same amount for working both lunch and dinner that they would pay for working only one of the meals. As such, the "shift" pay was actually pay for all hours worked during a single day of work.

60. Upon information and belief, during the relevant time period, all individuals working for Defendants as servers were compensated entirely through gratuities left by customers, with no shift pay or other wages paid by Defendants.

61. Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

62. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 206 and 215 (a)(2).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated

damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29
U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

66.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and
reallege each and every allegation of the preceding paragraphs hereof with the same force and
effect as though fully set forth herein.

67.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the
regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated
and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and
215(a)(2).

68.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action
Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members
are entitled to recover from Defendants their unpaid overtime premium compensation, damages
for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and
costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

69.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each
and every allegation of the preceding paragraphs hereof with the same force and effect as though
fully set forth herein.

70.     Defendants willfully violated Plaintiffs' and the Class Members' rights by paying
either a purported salary and/or on a "shift" basis which did not include minimum wage for all

15

hours worked, in violation of the NYLL and regulations promulgated thereunder.

71.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

72.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

74.     Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

75.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiffs and Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

77.     Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

78.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79.     Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and the Class Members' rate or rates of

pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

81.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.    Defendants have willfully failed to supply Plaintiffs and the Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

83.    Due to Defendants' violations of the NYLL, Plaintiffs and Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.    An order tolling the statute of limitations;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

19

e.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h.  An award of compensatory damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

j.  An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.  An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3) pertaining

to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.  An award of prejudgment and post-judgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       January 17, 2018

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the putative
FLSA Collective and Class*

21

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Firenze Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_____
Firma

_____
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Firenze Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

_Eligio Santiago_
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Firenze Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

Wuswing Maldonado
_____
Nombre Escrito