UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN CABRERA, ELIGIO SANTIAGO, LUSWING HERNAN MALDONADO, and SILVANO BAUTISTA, Individually and on Behalf of All Others Similarly Situated,

                              Plaintiffs,

-against-

MACA RESTAURANT, CORP. d/b/a FIRENZE RISTORANTE, EMDC 2ND AVE CORP. d/b/a FIRENZE RISTORANTE, and MANUEL CAISAGUANO, Jointly and Severally,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2018

18 Civ. 433 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On January 17, 2018, Plaintiffs, a group of restaurant employees, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law.  Compl., ECF No. 1.  On September 17, 2018, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement (the "Settlement").  ECF No. 27.  For the reasons stated below, the motion is DENIED without prejudice.

### DISCUSSION

I.    <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at

*1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

II.   Analysis

Having carefully reviewed the parties' submission, the Court finds that the Settlement impermissibly limits Plaintiffs' ability to bring claims unrelated to wage and hour issues. *See* Settlement Agreement and Wage and Hour Release, ¶¶ 3.B, 8.C–E, ECF No. 27-1.

When scrutinizing settlement agreements, courts in this district "routinely reject release provisions that 'waive practically any possible claim against the defendants.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The Second Circuit has explained that class action releases "may include claims not presented and even those which could not have been presented," but only when "the released conduct arises out of the identical factual predicate as the settled conduct." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005) (internal quotation marks omitted). Recognizing that overbroad releases are "doubly problematic" in the FLSA context, *Lopez*, 96 F. Supp. 3d at 181, courts in this circuit have strongly disfavored general releases in FLSA settlement agreements. *See, e.g.*, *id.*; *see also Lopez v. Ploy Dee, Inc*., No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (refusing to approve a settlement agreement releasing defendants "from a number of enumerated claims arising from the employment relationship, including on-the-job injuries and discrimination claims"); *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (refusing to approve a "grossly overbroad '[f]ull [g]eneral [r]elease' provision"); *Lazaro-Garcia v. Sengupta Food Servs*., No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (holding that "any release provision must be limited to the claims at issue in this action").

First, the Settlement provides that "[i]n the event any class or collective action is brought against Defendants which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, they immediately shall withdraw therefrom without obtaining or accepting any relief or recovery." Settlement ¶ 3.B. This provision is overbroad because it is not limited to wage and hour claims. *See Wal-Mart Stores, Inc.*, 396 F.3d at 107. Until the release in Paragraph 3.B is limited to claims relating to the existing suit, the Court will not approve the agreement.

    Second, the Settlement contains a number of Affirmations by Plaintiffs which are unrelated to the wage and hour claims.  *See* Settlement ¶¶ 8.C–E.[1]  In *Lopez v. Ploy Dee, Inc.*, the court rejected similar acknowledgements as overbroad releases.  2016 WL 3637103.  In *Lopez*, the parties agreed that "they have not suffered any on-the-job injury for which they have not already filed a workers' compensation claim, they have received any leave to which they were entitled during their employment," and "they have not been retaliated or discriminated against because they took a family or medical leave or any reason protected by law."  *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (June 29, 2016) (No. 34).  The Court found that this provision impermissibly released the defendants from a number of claims that had "no relationship whatsoever to wage-and-hour issues."  *Lopez*, 2016 WL 3637103, at *1 (internal quotation marks and citation omitted).  Similarly, here the affirmations in the Settlement are too broad and confer an "uncompensated, unevaluated, and unfair benefit on the employer."  *Camacho v. Ess-A-Bagel, Inc.,* No. 14 Civ. 2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014).  Thus, until the affirmations in Paragraphs 8.C–E are removed, the Court will not approve the agreement.

## CONCLUSION

    Accordingly, the parties' request for the Court to approve the proposed settlement agreement is DENIED without prejudice to renew.  By **November 20, 2018**, the parties shall file a revised settlement agreement in accordance with this Order.

    SO ORDERED.

Dated: October 23, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Under the Settlement, Plaintiffs "affirm that they have been granted and received any and all leaves which they were entitled under the Family and Medical Leave Act or local leave, sick or disability accommodation laws," that "during their alleged employment with Defendants, they reported all instances of discrimination, harassment, failure to accommodate and hostile work environment, if any," and that "they have no known workplace injuries or occupational diseases that have not already been reported to the Releasees."  Settlement ¶¶ 8.C–E.

3