UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN CABRERA, ELIGIO SANTIAGO, LUSWING
HERNAN MALDONADO, and SILVANO BAUTISTA,
Individually and on Behalf of All Others Similarly
Situated,

                        Plaintiffs,

        -against-

MACA RESTAURANT, CORP. d/b/a FIRENZE
RISTORANTE, EMDC 2ND AVE CORP. d/b/a
FIRENZE RISTORANTE, and MANUEL
CAISAGUANO, Jointly and Severally,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2020_____

18 Civ. 433 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 10, 2019, the Court approved the parties' agreement settling this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir.), and closed the case. Approval Order, ECF No. 36. On February 28, 2020, Plaintiffs moved to reopen the action. Motion, ECF No. 37. They assert that Defendants defaulted on their settlement payments, and that as a result Plaintiffs are entitled to file an affidavit of confession of judgment executed by Defendant Manuel Caisaguano as part of the settlement agreement. *Id.* at 2–3.

"[A] district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case. Instead, a motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit,' and therefore 'requires its own basis for jurisdiction.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994)) (internal quotation marks and citation omitted). "In some circumstances, that basis may be found in the doctrine of ancillary jurisdiction, which allows a district court to decide matters that are factually interdependent with another matter before the court, or to take actions necessary to manage its proceedings, vindicate its authority, and effectuate its decrees. But to retain ancillary jurisdiction over enforcement of a settlement agreement . . . a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Id.* (internal quotation marks and citations omitted).

As Plaintiffs concede, the Court's order did not expressly retain jurisdiction to enforce settlement. Motion at 4; *see generally* Approval Order at 1–4. But Plaintiffs argue that the order implicitly incorporated the terms of the agreement by approving its terms. Motion at 4. The Court does not agree. "Several [d]istrict [c]ourt cases have addressed the issue of whether a federal court retains jurisdiction to enforce a settlement in an FLSA action where the [c]ourt has approved the settlement but has not expressly retained jurisdiction to enforce the settlement. These cases have

all held that the a court does not have jurisdiction to enforce the settlement simply because the court approved it."  *Sanchez v. Charity Rest. Corp.*, No. 14 Civ. 5468, 2019 WL 4187356, at *2 (S.D.N.Y. Sept. 4, 2019) (collecting cases).  The Second Circuit's holding that effectuating the purpose of FLSA requires district courts to review and approve settlements before dismissing wage-and-hour cases does not, standing alone, create jurisdiction for courts to enforce those settlements.  *See Mao v. Mee Chi Corp.*, No. 15 Civ. 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) ("Nor is there any suggestion in *Cheeks* that by mandating review of FLSA settlements, the Second Circuit Court of Appeals was creating federal jurisdiction over enforcement of all such agreements.").  The Court, therefore, concludes that it lacks jurisdiction over the dispute arising out of Defendants' alleged breach of the settlement agreement—the only extant dispute between Plaintiffs and Defendants.

Accordingly, Plaintiffs' motion to reopen is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 37.

SO ORDERED.

Dated:  April 28, 2020
        New York, New York

_____
ANALISA TORRES
United States District Judge